UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

DERRELLE DEWAYNE COLE,

    Plaintiff,

    v.                                      Case No. 16-C-0792

UNITED STATES OF AMERICA,

    Defendant.

---

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, AND DISMISSING CASE

On June 23, 2016, Derrelle Cole, represented by the Federal Defender Services of Wisconsin, filed a motion under 28 U.S.C. § 2255 asserting one ground for relief: that his sentence was based on a Guidelines provision that was void for vagueness under *Johnson v. United States,* 135 S. Ct. 2551 (2015). The case was stayed while *Beckles v. United States*, No. 15-8544, was pending before the United States Supreme Court.

At sentencing, Cole was classified as a career offender under U.S.S.G. § 4B1.1 because he had at least two prior felony convictions of a "crime of violence." This court found that Cole's prior convictions for armed robbery and conspiracy to commit armed robbery met the criteria. Accordingly, the enhancement under the Guidelines increased the offense level and the criminal history category.

The present motion argues that the prior conspiracy conviction no longer qualifies as a crime of violence, assuming that the United States Supreme Court would extend its holding in *Johnson*, involving the same language in a statute, to the language in the Guidelines. However, the Supreme Court recently held in *Beckles* that the Guidelines are

not subject to a vagueness challenge similar to that in *Johnson*. *Beckles v. United States,* No. 15-8544, 2017 WL 855781 (March 6, 2017). Indeed, the Supreme Court unequivocally held that the § 4B1.2(a)'s residual clause (on which Cole's present motion relies) is not void for vagueness. 2017 WL at *9. Therefore, Cole's claim must be rejected.

After *Beckles* issued, Cole filed a motion to dismiss the case without prejudice. However, the government opposes the request, desiring a decision on the merits instead. The court believes that a decision on the merits is the better course. Accordingly,

IT IS ORDERED that Cole's motion (doc. 7) to dismiss without prejudice is denied.

IT IS FURTHER ORDERED that Cole's motion (doc. 1) under 28 U.S.C. § 2255 is denied on the merits and this case is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied. In light of *Beckles*, reasonable jurists would not differ, and Cole needs no encouragement to proceed further.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. DISTRICT JUDGE